**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| EDWARD M. HOPKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | CAUSE NO. 3:06-CV-532 WL |
| vs. ) | |
| ) | |
| SUPERINTENDENT INDIANA ) | |
| STATE PRISON, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

On August 28, 2006, Edward M. Hopkins, a *pro se* prisoner, filed a habeas corpus petition. On January 24, 2007, Mr. Hopkins filed a motion to appoint counsel. As the Seventh Circuit has repeatedly recounted, whether an attorney should be recruited to represent a *pro se* litigant is a two-step inquiry: given the difficulty of the case, does the plaintiff appear to be competent to try it himself, and if not, would the presence of counsel have made a difference in the outcome? *Johnson v. Doughty*, 433 F.3d 1001, 1007 (7th Cir. 2006). If the initial inquiry is answered in the affirmative, the analysis ends and the motion must be denied.

In the present case, Mr. Hopkins asserts that the issues presented in this case are too complex for him and that he cannot afford an attorney. However, Mr. Hopkins has already filed a post-conviction relief petition in the state court and has drafted a coherent petition which clearly lays forth his arguments and contentions. Unlike other civil actions, a habeas corpus action does not involve intense discovery or a protracted dispositive motion process. While Mr. Hopkins

may file a traverse after the respondent files his response to the order to show cause, the information necessary to draft the traverse is Mr. Hopkins' personal knowledge of the events. Mr. Hopkins filed this petition *pro se* and it is not fundamentally unfair to require him to proceed *pro se*. Therefore, his motion for appointment of counsel (docket # 9) is **DENIED**.

    SO ORDERED.

    ENTERED: February  5 , 2007

                               s/William C. Lee
                               William C. Lee, Judge
                               United States District Court