UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EDWARD M. HOPKINS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>SUPERINTENDENT INDIANA )<br>STATE PRISON, )<br>)<br>Respondent. ) | CAUSE NO. 3:06-CV-532 WL |

**OPINION AND ORDER**

On February 26, 2007, Edward M. Hopkins, a *pro se* prisoner, filed a motion for reconsideration of the court's February 5, 2007 order denying the petitioner's motion to appoint counsel.

Pursuant to Fed. R. Civ. P. 60:

> on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud...misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is not longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of judgment.

Mr. Hopkins asserts that this court was mistaken in its application of *Johnson v. Doughty*, 433 F.3d 1001, 1007 (7th Cir. 2006), which requires the court to apply a two step inquiry in determining whether an attorney should be

recruited to represent a *pro se* litigant. Under *Johnson*, a court must ask the following questions: given the difficulty of the case, does the plaintiff appear to be competent to try it himself, and if not, would the presence of counsel have made a difference in the outcome? *Id.* In its February 5, 2007 order, the court determined that Mr. Hopkins was competent to try the case himself because he had filed a post-conviction relief petition and drafted a coherent petition. Mr. Hopkins contends that the public defenders' office filed his petition for post-conviction relief and that he has had assistance drafting his petition for writ of habeas corpus and his motions. While the court takes notice of the assistance Mr. Hopkins has received, the court still finds that Mr. Hopkins is competent to try this case himself. As stated in the court 's February 5, 2007 order, a habeas corpus action does not involve intense discovery or a protracted dispositive motion process. While filing a traverse is an important step in a habeas corpus proceeding, Mr. Hopkins does have the information necessary to draft his traverse. Mr. Hopkins has not provided any information which would make the court question Mr. Hopkins' competency to try this case. Although a good lawyer may be able to do better than the average person, that is not the test. Because it is not fundamentally unfair to require him to proceed *pro se*, his motion for reconsideration is denied, with one important caveat.  Should the court determine at any future point in this proceeding that Mr. Hopkins cannot competently represent himself, the court may, on its own initiative, appoint counsel to represent him.  Accordingly, Mr. Hopkins should proceed to file the traverse in

this case himself and the court will revisit the issue of appointment of counsel should it become necessary.

In addition, Mr. Hopkins also filed an emergency motion to vacate the court's February 16, 2007 order granting respondent's motion for relief from order to produce the state court record. Mr. Hopkins states that the court order should be vacated because the respondent did not serve the motion on him. However, the respondent's motion included a certificate of service which indicated that the motion was served on Mr. Hopkins. Thus, it would appear that the motion was properly filed in accordance with the Federal Rules of Civil Procedure. Nonetheless, Mr. Hopkins maintains that he did not receive a copy.[1] Given the vagaries of the State prison mail system, this is entirely possible. In order to ensure that Mr. Hopkins receives a copy of the motion and has adequate opportunity to review and respond to it, the court hereby vacates its February 16, 2007 order granting respondent's motion for relief. Mr. Hopkins is hereby directed to file an response in opposition to that motion, if he intends to, within twenty (20) days of his receipt of this order.

---

[1] While Mr. Hopkins's Emergency Motion to Vacate was under consideration, he filed yet another pleading on March 5, 2007. Docket at 17. This untitled pleading was clearly submitted as support for the Emergency Motion. In this pleading, Mr. Hopkins maintains once again that he was not served with a copy of the respondent's motion for relief as was stated in the Certificate of Service. In addition, Mr. Hopkins attached copies of the Priority Mail envelope he alleges was the one that contained a copy of the motion filed by the State, and which carries a postmark of February 22, 2007 (as opposed to the Certificate of Service, which states that a copy was mailed to Mr. Hopkins on February 15, 2007. This would appear to support Mr. Hopkins's position that he did not have an opportunity to respond to the motion before it was granted.

**CONCLUSION**

For the foregoing reasons, the court:

(1)  **DENIES** Mr. Hopkins' motion for reconsideration of the court's order denying his request for appointment of counsel (docket # 15); and

(2)  **GRANTS** Mr. Hopkins' emergency motion to vacate (docket #16) and directs Mr. Hopkins to file any response in opposition to respondent's motion for relief within twenty (20) days of his receipt of this order.

SO ORDERED.

ENTERED: March 7, 2007

  /s/ William C. Lee    
William C. Lee, Judge  
United States District Court
